## POPE v. BROOKSHIRE.   (No. 6390.)

(Court of Civil Appeals of Texas.   Austin. Nov. 30, 1921.)

1. Action ⬦50(7)—Appeal and error ⬦ 1036(2), 1039(3)—No misjoinder of causes of action or of parties, and any error not reversible where one defendant was dismissed from action.

In action against a bank and another, to recover the amount of plaintiff's deposit, where

the theory of the first count was that the money was still in the bank's hands, and of the second count that the paying out of the money to the second defendant was the result of an illegal conspiracy, *held*, there was no misjoinder of parties or actions; and, in any event, there was no reversible error in relation to misjoinder where the bank was dismissed from the action without objection by the other defendant, who was the appellant.

2. Bills and notes ⬦511—Evidence that note had been given in settlement of check held proper.

In action to recover the amount of plaintiff's bank deposit drawn out by defendant on a check claimed to have been settled by plaintiff's giving a note, it was proper for plaintiff to prove the merger of the check in the note and the payment of the latter, and to follow this up by circumstantial evidence tending to show defendant's knowledge or notice of the facts showing a defect in the title to the check.

3. Bills and notes ⬦511—Evidence that check was given for gambling debt held admissible.

In action to recover the amount of plaintiff's bank deposit drawn out by defendant on a check claimed to have been settled by plaintiff's giving a note, it was proper for plaintiff to testify that the check was given in settlement of a gambling transaction, the evidence being relevant to the transaction, and also proper under the pleadings, which alleged that both of the defendants well knew, at the time that the check was acquired by appellant, that it had been given "in settlement of certain transactions that had previous to that time been merged into a promissory note, and that said check had long since been thereby canceled."

4. Bills and notes ⬦539—Findings held not conflicting.

In action to recover the amount of plaintiff's bank deposit drawn out by defendant on a check claimed to have been settled by plaintiff's giving a note, a jury finding that the defendant who purchased the check did not know or have notice when he purchased it that it had been merged into and canceled by plaintiff's note *held* not to conflict with other findings that such defendant did not purchase in good faith, and for a valuable consideration, and without knowledge of the infirmities or defects in the instrument, nor in due course of trade, and that the check was negotiated to such defendant an unreasonable length of time after its issuance, and judgment was properly entered for plaintiff on the verdict.

5. Bills and notes ⬦348—Check is overdue for purposes of transfer after a reasonable time for presentation.

A check is overdue for purposes of transfer after the expiration of a reasonable time for presenting it.

Appeal from Williamson County Court; F. D. Love, Judge.

Action by C. R. Brookshire against Herbert Pope and the First National Bank of Granger, Tex., the action being dismissed as

to the bank. From judgment for plaintiff, defendant Pope appeals. Affirmed.

Critz & Lawhon, of Taylor, for appellant.
Wilcox & Graves, of Georgetown, for appellee.

BRADY, J. Appellee, as plaintiff below, sued the First National Bank of Granger, Tex., and Herbert Pope the appellant, to recover the sum of $232.50, with interest. The petition was in two counts, the first being a straight action to recover against the bank the above amount as a deposit to the credit of appellee, on or about the 15th of December, 1919, which it was alleged the bank had refused to pay. In the alternative, it was alleged that about February 11, 1919, appellee executed and delivered certain checks on the defendant bank to one Willard McLaughlin, one of the checks being in the principal sum of $250, dated February 11, 1919, and payable to "Cash"; that after the check was delivered to McLaughlin, and before it was purchased by appellant, appellee settled the same by paying McLaughlin a certain sum in cash, and executing two notes; and that McLaughlin represented to him that the check made the basis of this suit had been torn up and destroyed. The petition further alleged that on or about December 15, 1919, appellant, with full knowledge that the check had been paid and settled, cashed it at the defendant bank, and had the same charged against appellee's account. It was also alleged that, at the time the check was presented, appellee only had $232.50 in bank, and that appellant paid into the account of appellee $17.50, to make the deposit equal the check, and then cashed the check. It was averred that both appellant and the bank knew the check had been settled by merger into a note, and that they entered into a conspiracy to deprive appellee of his money on deposit.

The further allegation was made that appellee had instructed the bank not to pay the check, and that neither the bank nor appellant was an innocent purchaser, nor holder for value in good faith before maturity, in due course of trade. The prayer was for judgment against the bank, and, in the alternative, against both the bank and appellant, jointly and severally.

Appellant answered by pleas of misjoinder, general and special demurrers, general denial, and the special plea that he was a purchaser in good faith, for value and in due course of trade, and that he was without knowledge or notice of any equities against the check. The bank adopted so much of appellant's answer as applied to it and asked for judgment over against appellant in event judgment should be recovered against it.

Appellee specially answered the pleadings of appellant and the bank, alleging that nei-

ther was an innocent holder for value before maturity in due course of trade, but that the instrument as pleaded, upon its face, showed that it was long past overdue.

The bank demurred to the sufficiency of the plaintiff's testimony in so far as it was concerned, which demurrer was by the court sustained, to which ruling appellee excepted; but it is recited in the judgment that it was at such time agreed that the court should enter up, without the intervention of the jury, its judgment dismissing the bank from the case—all parties agreeing that the judgment should be entered in such manner. The case was then submitted to the jury upon special issues, and their findings are as follows:

To the first question the jury answered that the check in question was merged into a note executed by appellee to the original holder. To the second question, that the appellant, when he purchased the check, did not know or have notice that it had theretofore been merged into and canceled by the execution of the note. To the third question, that appellant did not purchase the check in good faith, and for a valuable consideration, and without any knowledge of the infirmities or defects in said instrument as pleaded by appellee, nor in due course of trade. The answer to the fourth question was that the check was negotiated to appellant an unreasonable length of time after it was issued.

Both sides moved for judgment on the verdict, and the court rendered judgment for appellee for the amount sued for.

[1] In several forms appellant presents the point that his pleas and exceptions, raising the issue of misjoinder of parties and actions, should have been sustained. We are of the opinion that there was no real misjoinder of parties, nor of actions. The suit was to recover the amount of a deposit in bank, and the two counts in the petition had relation to the same fund of money. The theory of the first count was that the money was still in the hands of the bank, and legally payable to the appellee; and of the second count that the parties defendant were not innocent holders of the paper, but that it was negotiated long after maturity, and that the paying out of the fund was the result of an illegal conspiracy. Under the liberal rule obtaining in this state, to avoid a multiplicity of suits, we think the actions were properly joined, and that the proper parties were before the court.

If we should be mistaken in this ruling upon the issue of misjoinder, nevertheless we think there was no reversible error in relation thereto, and that no injury was done appellant, because the bank was dismissed from the action without objection from appellant, and there is no assignment complaining of such action. The judgment was rendered upon the second count of the peti-

tion, which sought to hold the bank and appellant jointly and severally. Therefore the assignments raising this question are overruled.

[2] It is also claimed that there was error in permitting appellee to testify to the giving of the note in settlement of the check, especially in that it was not shown that appellant knew or had notice of such fact. It is true that the jury found that appellant did not have knowledge or notice of the merger of the check into the note, but this answer must be taken in connection with the charge which the court gave as to the law of notice. This explanatory instruction was as follows:

" 'Notice' as used herein is either knowledge of the facts or a suspicion of something wrong, combined with a willful disregard of this means of knowledge."

This charge is criticised by appellant's counsel as an incorrect statement of the law, although it is claimed by appellee's counsel to have been taken from Eaton & Gilbert on Commercial Paper, p. 368, a work which is not accessible to us. If erroneous, the definition is more favorable to appellant than the charge asked by him and refused by the court. The answer of the jury, therefore, meant nothing more than that appellant did not have actual knowledge of the facts, nor a suspicion of something wrong, combined with a willful disregard of the means of knowledge. The issue was squarely made as to whether appellant was a purchaser in good faith and for value and in due course of trade. It was certainly competent for appellee to prove the merger of the check into the note, and the payment of the latter, and to follow this up by circumstantial evidence tending to show knowledge or notice of the facts showing a defect in the title to the check. This was done, and the jury found that appellant was not an innoent purchaser and in due course of trade, and also that the check was negotiated an unreasonable length of time after its issuance. In view of the evidence and these findings, there was no error in this particular.

What has been said indicates our view upon the question raised in the brief to the effect that the court gave an erroneous charge upon the question of notice. However, it may be added that no injury is apparent in this respect in any event, because the jury found for appellant upon this particular issue.

[3] Complaint is also made that appellee was permitted to testify that the check was given in settlement of a gambling transaction, because it was not pleaded, and because it was prejudicial testimony. We think sufficient answer to this contention is that it was competent for appellee to show the circumstances of the making of the check, and its settlement by the giving of a note, and to show why the check was given, and how settled; and also as bearing upon the question of notice and good faith on the part of appellant. It may be that the evidence does not show that appellant had actual notice of the illegal consideration, but, in connection with other testimony, the evidence in question was circumstantial in its nature, and admissible. The pleadings were sufficient to allow this testimony, it being alleged that both of the defendants well knew, at the time that the check was acquired by appellant, that it had been given "in settlement of certain transactions that had previous to that time been merged into a promissory note, and that said check had long since been thereby canceled." No issue was presented to the jury relative to the check having been given in a gambling transaction, and the court limited the testimony to one point, namely, as establishing the reputation of the check and the character of the transaction for which it was given. In these circumstances we can see no material error if any at all.

[4] The claim is made that judgment should not have been entered for appellee on the verdict, because the answer to question No. 2 conflicts with the answers to questions 3 and 4. We do not agree with this contention. The finding in response to question No. 2 is limited by the charge given in relation to that issue, and furthermore relates only to one element in the question as to whether appellant was an innocent purchaser. This answer is not in conflict with the others:

The jury having found that appellant was not an innocent purchaser of the check, nor a holder for value in good faith before maturity in due course of trade, and also that the check was negotiated an unreasonable length of time after it was issued, we think these findings are controlling and decisive of the case. The issues were well within the pleadings, and sustained by evidence.

It is contended by appellee's counsel that the latter finding, under the negotiable instruments law of the Thirty-Sixth Legislature, is decisive, and that the court might well have instructed a verdict on the undisputed evidence. As to the applicability of such statute (chapter 123, General Laws of 1919, p. 190), we cannot look to the terms thereof because by section 195 it is expressly provided that provisions of the act shall not apply to negotiable instruments made and delivered prior to the taking effect thereof. The check in question was made and delivered before that law became effective.

[5] As to the claim that the court might properly have instructed a verdict upon such finding it is not necessary to express any opinion. It was a question of reasonableness, and, the trial court manifestly thought,

a proper question for the jury. We base our holding upon principles of the law merchant. The check was not postdated, and was payable to "Cash," therefore to bearer. It was payable instantly upon presentation, and the rule as to the maturity of such an instrument for the purposes of transfer is stated correctly, we think, in 7 Cyc. p. 852, as follows:

"A check is not overdue for the purposes of transfer, unless there has been unreasonable delay in presenting it. One who takes it without notice of equities or defenses within a reasonable time after its date or delivery is a bona fide holder, but it is otherwise if a reasonable time has elapsed. Ordinarily one day, or even several days, is not an unreasonable time, but a delay of several weeks or months is unreasonable."

The evidence shows without dispute that the check was not presented for payment until about nine months after it was dated, issued, and delivered. The jury found that this was an unreasonable time, and upon this ground alone it must be held that appellant was not a bona fide holder, and that he took the check subject to all defects and infirmities, as if it were in the hands of the original holder.

There is one further question we will briefly discuss. It is claimed that no judgment should have been rendered against appellant, because the bank had as much notice as he of the dates when the check was issued and presented, and that if the check was illegally paid, appellee still has his right of action against the bank. A sufficient reply to this contention is thought to be that, the bank being under duty to pay its depositors' checks upon presentation, and the check being admittedly genuine, under the finding of the trial court that the evidence was insufficient to bind the bank, no liability was shown as against the bank. It has been previously adverted to that the appellant made no objection to the sustaining of the bank's motion for judgment, and assigns no error here complaining of this action; neither does the appellee complain; therefore we must assume that it was properly held that the bank was without fault. The case then resolves itself into this: Appellant, not an innocent holder in due course, took the check subject to all defenses and equities with which it was charged in the hands of the original holder, and by presenting and cashing the check caused a loss to appellee. In these circumstances justice and law combine in requiring that appellant should be made to restore the money which appellee would otherwise have received on account of his deposit.

All assignments have been carefully considered, and are overruled. The justice of the case has been reached, and no reversi-ble error has been shown; therefore the judgment is affirmed.

Affirmed.